IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEX K. GERTNER<br>309 Oakland Lane<br>Chapel Hill, NC 27516<br><br>          Plaintiff,<br><br>     v.<br><br>CENTERS FOR MEDICARE AND<br>MEDICAID SERVICES<br>7500 Security Boulevard,<br>Baltimore, MD 21244<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No: 18-cv-1994<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

**I. INTRODUCTION**

1. Plaintiff Alex Gertner (Gertner) brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant Centers for Medicare and Medicaid Services (CMS), in failing to provide Plaintiff with all non-exempt records responsive to his June 19, 2017, FOIA request, seeking copies of CMS's Medicaid State Drug Utilization Data.

**II. JURISDICTION**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

### III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

### IV. PARTIES

4. Plaintiff, Alex Gertner, is an individual that, at all times relevant herein has resided in Chapel Hill, North Carolina.

5. Defendant Centers for Medicare and Medicaid Services is federal agency of the United States, and a sub-component of the United States Department of Health & Human Services, and as such, is an agency subject to the FOIA, pursuant to 5 U.S.C. § 552(f).

### V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld.

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## VI.  FACTUAL ALLEGATIONS

13. On or about June 19, 2017, Plaintiff Gertner sent a FOIA request to the Centers for Medicare and Medicaid Services (CMS), seeking copies of CMS's Medicaid State Drug Utilization Data.

14. On or about June 28, 2017, CMS sent an email to Gertner stating that CMS did not have the information that Gertner was seeking, and that these records would need to be requested at the state level.

15. On or about June 28, 2017, Gertner sent an email to CMS noting that CMS had stated on its website that it had the records that Gertner requested in his June 19, 2017, FOIA request.

16. On or about July 5, 2017, Gertner sent a follow up email to his previous message, again pointing out that CMS's website expressly describes both creating and maintaining the type of data which Plaintiff had requested in his June 19, 2017, FOIA request to CMS.

17. On or about July 6, 2017, CMS sent an email to Gertner providing a control number, 062020177086, for Plaintiff's June 19, 2017, FOIA request, and stated that Gertner's record request was being processed and reviewed.

18. On or about July 25, 2017, Gertner sent an email to CMS requesting the status of his June 19, 2017, FOIA request.

19. On or about July 25, 2017, CMS sent an email to Gertner, stating that his June 19, 2017, FOIA request was currently in the search process by CMS agency staff.

20. On or about July 25, 2017, Gertner sent an email to CMS offering information on where the records may be located within the agency.

21. On or about August 10, 2017, Gertner sent an email to CMS requesting a status update on his June 19, 2017 FOIA request.

22. On or about August 25, 2017, CMS sent a response to Gertner's June 19, 2017, FOIA request, denying all requested records based upon a claim that these records were exempt from disclosure pursuant to FOIA Exemption (b)6.

23. On or about August 31, 2017, Gertner sent an email to CMS questioning the basis for CMS's denial of the records that he sought in his June 19, 2017, FOIA request, and requesting clarification on the next steps in filing an administrative appeal of this agency decision.

24. On or about September 6, 2017, CMS sent an email to Gertner that CMS would need to answer the questions that Gertner submitted on August 31, 2017, later in that month (September, 2018).

25. On or about September 6, 2017, Gertner sent an email to CMS thanking CMS for its response, and indicating in this email that his appeal was prepared, but that he would delay filing it until CMS responded to his August 31, 2017, questions.

26. On or about October 1, 2017, Gertner sent an email to CMS requesting a status update on his August 31, 2017, questions, and indicating his intention to file an administrative appeal in response to the agency's claim that all records responsive to his June 19, 2017, FOIA request, were allegedly exempt from disclose.

27.  On or about October 2, 2017, CMS sent an email to Gertner answering in part Gertner's August 31, 2017, questions regarding the CMS's denial of records for his June 19, 2017 record request.

28.  On or about November 13, 2017, Gertner filed an administrative appeal with CMS regarding CMS's August 25, 2017, denial of records for his June 19, 2017, FOIA request.

29.  On or about November 28, 2017, CMS sent a letter to Gertner acknowledging Gertner's November 13, 2017, FOIA administrative appeal had been received.

30.  On or about May 16, 2018, Gertner sent an email to CMS requesting the status of his November 13, 2017, FOIA administrative appeal.

31.  As of the date of the filing of this action, Plaintiff Gertner has not received a decision on his November 13, 2017, FOIA administrative appeal.

## VII. CLAIMS FOR RELIEF

32. Gertner realleges, as if fully set forth herein, paragraphs 1-31 previously set forth herein.

33.  Defendant CMS has violated FOIA by failing to provide Gertner with all non-exempt responsive records for his June 19, 2017, FOIA request.

34.  By failing to provide Gertner with all non-exempt responsive record to his June 19, 2017, FOIA request, Defendant CMS has denied Gertner's right to this information, as provided by law under the Freedom of Information Act.

35. Defendant CMS has also violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's June 19, 2017, FOIA request.

36. By failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's June 19, 2017, FOIA request, Defendant CMS has denied Plaintiff Gertner his right to this information as provided by law under the Freedom of Information Act.

37.  Unless enjoined by this Court, Defendant CMS will continue to violate Plaintiff Gertner's legal rights to be provided with copies of the records which he has requested in his FOIA request described in paragraph 13 above.

38.  Plaintiff is directly and adversely affected and aggrieved by Defendant CMS's failure to provide all non-exempt responsive records to his FOIA request described above.

39.  Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

40. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Gertner respectfully requests that this Court enter Judgment for Plaintiff, providing the following relief:

1.  Declare Defendant CMS has violated FOIA by failing to provide Plaintiff with

all non-exempt records responsive to his June 19, 2017, FOIA request.

2. Declare Defendant CMS has violated FOIA by failing to complete an adequate search for records responsive to Plaintiff Gertner's June 19, 2017, FOIA request.

3. Direct by injunction that Defendant CMS perform an adequate search for records responsive to Plaintiff Gertner's June 19, 2017, FOIA request, and provide Plaintiff with all non-exempt responsive records to this FOIA request.

4. Grant Plaintiff his reasonable costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5. Provide such other relief as the Court deems just and proper.

DATED: This 24th day of August, 2018.

Respectfully submitted,

 /s/
Daniel J. Stotter (WI0015)
STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. M210E
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net
**Attorney for Plaintiff**